A99A2159. DEPARTMENT OF HUMAN RESOURCES v. WEST.
(527 SE2d 280)

BLACKBURN, Presiding Judge.

In this 42 USCA § 1983 civil rights action involving a challenge to the constitutionality of OCGA § 19-11-9.3, the Georgia Department of Human Resources (DHR) appeals the trial court's award of attorney fees to Michael G. West pursuant to 42 USCA § 1988, contending, among other things, that West was not a prevailing party and, as such, the award of attorney fees was not appropriate. For the reasons set forth below, we agree that West was not the prevailing party and reverse the award of attorney fees.

1. On March 27, 1997, DHR allegedly mailed a notice to West informing him that his driver's license would be suspended if he failed to pay $3,000 in child support arrearages. On May 2, 1997, DHR mailed a second notice to West informing him that the requested payment of arrearages was overdue and that he was now subject to having his license suspended pursuant to OCGA § 19-11-9.3. Then, on May 7, 1997, West was notified that his license had been suspended by the Department of Public Safety.

In response, West mailed a letter to DHR requesting a hearing to appeal the suspension of his license. DHR informed West that his request was untimely and that his license would remain suspended until his child support obligations had been fulfilled. West later testified, however, that the Department of Public Safety had not officially suspended his license because the notice had not been properly sent by certified mail.

On July 2, 1997, West filed a petition for declaratory judgment in the Superior Court of Rockdale County. In this action, West contended that he never received the initial March 27, 1997 notice from the DHR that his license might be suspended. He further argued that his failure to receive notice stemmed from the insufficient notice requirements in OCGA § 19-11-9.3, and he asked the trial court to "declare said statute unconstitutional and order the Department of

Human Resources to withdraw and vacate its request to the Department of Public Safety suspending [his] licenses." West later amended his complaint to request attorney fees pursuant to 42 USCA § 1988.

After a hearing on all issues before it, the trial court held:

> Should any respondent make a prima facie showing by sworn affidavit to DHR that he or she did not in fact receive the notice of intent to suspend license, as mailed under OCGA § 19-11-9.3 (f), and thus is requesting a hearing after the 20 days allowed by the statute, the DHR shall not deny the hearing, but shall send the request for a hearing to the office of State Administrative Hearings without any comment that the hearing request was untimely. There shall be no change in the then pending status of the license until such hearing so long as the hearing is held within 45 days of the Department's receiving the request. If the hearing is not held within said 45 day period, if the license has been revoked, it shall be reinstated until such hearing occurs.

In a later order, the trial court also granted West's motion for attorney fees. Here, DHR appeals only the award of attorney fees and not the other rulings of the court. As such, we limit our review to such award, and we do not consider the propriety of the trial court's remaining decisions.

Under 42 USCA § 1983, the court may use its discretion to award the prevailing party, other than the United States, reasonable attorney fees. See 42 USCA § 1988; *Logan v. Johnson*, 162 Ga. App. 777 (293 SE2d 47) (1982).

> [T]he correct standard for determining whether a § 1983 plaintiff prevails is that used by the U. S. Supreme Court in *Farrar v. Hobby*, [506] U. S. [103, 111] (113 SC 566, 573, 121 LE2d 494) (1992): A plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in any way that directly benefits the plaintiff.

(Punctuation omitted.) *Hutchinson v. Composite State Bd. of Med. Examiners*, 263 Ga. 186, 187 (2) (429 SE2d 661) (1993).

In applying this standard, we must closely scrutinize the merits of the § 1983 claim brought by the plaintiff and the relief granted by the trial court. Here, West requested two forms of relief: (1) a declaration that OCGA § 19-11-9.3 was unconstitutional and (2) the issuance of an order to DHR to withdraw and vacate its request to the Department of Public Safety for suspension of West's license. A review of the trial court's order reveals that neither form of relief was

granted. First, the trial court found OCGA § 19-11-9.3 to be constitutional, contrary to West's request. Second, the trial court did not issue an order requiring DHR to withdraw or vacate its suspension request. To the contrary, the court held that, within 45 days after a requested hearing, the pending status of a license *shall not* be changed, and, if the hearing is not held within 45 days, a *revoked* license shall be reinstated. Thus, in West's case, the trial court's ruling did not affect the status of his license, and DHR was not required to vacate its suspension request. The suspension of West's license remained pending throughout the entirety of the proceedings.

Therefore, because he received no relief on the explicit merits of his claim, we cannot consider him to be a prevailing party in this action. While we are sympathetic to the actions of the trial court under the sad facts which underlie this case, the law does authorize the result. West is not entitled to attorney fees pursuant to 42 USCA § 1988, and we are constrained to reverse the trial court's award thereof.

2. Because of our holding in Division 1, we need not consider DHR's remaining assertions of error.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 23, 1999.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Katherine S. Davis, Assistant Attorney General*, for appellant.

*Ralph S. Goldberg*, for appellee.