S93A0018. HUTCHINSON v. COMPOSITE STATE
BOARD OF MEDICAL EXAMINERS et al.
(429 SE2d 661)

BENHAM, Justice.

Already licensed to practice medicine in Ohio and California, appellant made application for a license to practice in Georgia. Appellees refused appellant an unrestricted license, but offered to enter into a consent order placing restrictions on his license. In response to appellant's demand for a hearing, appellees relied on the provision in OCGA § 43-34-38 that refusal of a license is not a contested case within the meaning of the Administrative Procedure Act, that notice and hearing within the meaning of the Act was not required, but that appellant was entitled by § 43-34-38 to appear before the Board as, indeed, he had already done. Appellant then filed suit against appellees, mounting a constitutional attack on OCGA § 43-34-38 and asserting a claim for relief under 42 USC § 1983 because of the denial to him of notice and a hearing. The trial court issued a temporary restraining order forbidding the Board to deny him a license pending the resolution of the lawsuit. Subsequent to the issuance of that order, appellant made another appearance before the Board which then issued him an unrestricted license. In response to appellant's application for expenses of litigation under 42 USC § 1988, the trial court first held that the issuance of the license left pending for adjudication only appellant's claim for attorney fees and expenses, and then denied that claim on two bases: that appellant had not shown he was the prevailing party and that appellees had immunity as quasi-judicial officials. This appeal is from that order.

1. We agree with the trial court that the issuance of the license rendered moot all questions in the case other than that of entitlement to attorney fees. Because the issue of entitlement to a hearing can arise in the context of final denial of a license, this is not a situation in which issues, though moot, should be considered because they are capable of repetition, but may evade review. *Chastain v. Baker*, 255 Ga. 432 (339 SE2d 241) (1986). Consequently appellant's enumerations of error concerning his constitutional attack on OCGA § 43-34-38 will not be considered.

2. With regard to the trial court's finding that appellant was not a prevailing party, appellant asserts that application of a "but for" analysis demands the conclusion that the Board issued the license only because appellant filed suit and obtained a TRO. However, the correct standard for determining whether a § 1983 plaintiff prevails is that used by the U. S. Supreme Court in *Farrar v. Hobby*, _____ U. S. _____ (113 SC 566, 573, 121 LE2d 494) (1992):

> [A] plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in any way that directly benefits the plaintiff.

In applying that standard, it is essential to bear in mind that the "merits" of appellant's § 1983 claim was not the denial of a license to practice medicine, but the denial of his asserted right to a hearing in the licensing process. Although it cannot be denied that the issuance of appellant's license materially altered the legal relationship between the parties in a way that directly benefits appellant, the record does not show that the alteration resulted from "actual relief on the merits" of appellant's claim. Since appellant's § 1983 claim concerned the denial of a hearing to which he claimed a right, and there has been no adjudication that he has such a right, it cannot be said that appellant prevailed on the merits of his claim, much less that such relief resulted in the alteration of the parties' relationship. It follows that the trial court was correct in ruling that appellant was not the prevailing party. That being so, appellant is not entitled to attorney fees under § 1988 and the trial court's holding regarding appellees' immunity need not be considered.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 1993 —
RECONSIDERATION DENIED JUNE 18, 1993.

*Kirwan, Goger, Chesin & Parks, John J. Goger, Harlan S. Miller*

*III,* for appellant.

*Michael J. Bowers, Attorney General, Beverly B. Martin, Senior Assistant Attorney General, Julia B. Anderson, Assistant Attorney General,* for appellees.