A99A1774. IMAGING SYSTEMS INTERNATIONAL, INC. et al. v. MAGNETIC RESONANCE PLUS, INC.

(527 SE2d 609)

PHIPPS, Judge.

Imaging Systems International, Inc. and North Georgia Diagnostic Imaging, L.P. (collectively "ISI") appeal an award of $32,002 in attorney fees to Magnetic Resonance Plus, Inc. ("MRP"). MRP had agreed to service and repair magnetic resonance imaging equipment for ISI under the terms of a service contract. After ISI terminated the service contract without giving MRP the required 30 days notice and opportunity to remedy any material default, MRP sued ISI for breach of contract. The trial court awarded MRP $21,584.37 in damages for lost profits and $32,002 in attorney fees. The attorney fees were awarded pursuant to a service contract provision that, "[i]n the event any proceeding or lawsuit is brought by MRP or [ISI] in connection with the Agreement, the prevailing party in such proceeding shall be entitled to receive its . . . reasonable attorney's fees."

On appeal this court vacated the awards to MRP for lost profits and attorney fees.[1] In the appeal, the parties did not address whether an award of attorney fees under the service contract was proper in the absence of an award of damages for lost profits. We remanded the action, stating that "the trial court should consider whether, in light of the holdings of this opinion, MRP is entitled to attorney fees under the contract."[2]

---

[1] *Imaging Systems Intl. v. Magnetic Resonance Plus*, 227 Ga. App. 641 (490 SE2d 124) (1997).

[2] Id. at 646 (3).

On remand, the trial court found that because this court did not disturb the trial court's finding that ISI breached the service contract, MRP was the prevailing party on its breach of contract claim. The trial court then found that MRP's attorney fees for litigating the contract dispute were $32,002 and awarded that amount to MRP. We reverse because MRP obtained no relief from the lawsuit and thus was not the "prevailing party" in the ordinary meaning of the term.

We must ascertain whether the trial court's judgment was based upon an erroneous legal conclusion.[3] " 'Initially, the construction of the contract is a question of law for the court.' "[4] " 'If the terms used are clear and unambiguous[,] they are to be taken and understood in their plain, ordinary, and popular sense.' "[5]

The question before the trial court was whether, within the meaning of the service contract, MRP prevailed in the underlying action. MRP recovered no monetary damages but argues that to prevail in a lawsuit it is not necessary to recover actual damages. For example, in *Hardwick, Cook & Co. v. 3379 Peachtree, Ltd.*,[6] a lease provided that if the landlord should bring suit for possession of the premises, the prevailing party in that action would be entitled to recover attorney fees. The landlord was awarded possession of the premises in a dispossessory action and was thus the "prevailing party" on that issue and, under the terms of the lease, entitled to attorney fees even though no monetary damages were awarded.[7]

MRP did not recover monetary damages in the underlying action, and neither did it otherwise establish a right to nonmonetary relief as in *Hardwick*. Although the cases addressing payment of costs under OCGA § 9-15-1 or attorney fees under OCGA § 13-6-11 are not controlling here, they do stand for the proposition that a plaintiff who is granted no relief does not prevail.[8] For instance, a plaintiff may receive a directed verdict on liability in a civil case and yet be assessed costs as the loser because he failed to recover any damages.[9] This situation is analogous. Although MRP showed that

---

[3] *Nucor Corp. v. Meyers*, 211 Ga. App. 787, 788-789 (1) (440 SE2d 531) (1994).

[4] *Rohm & Haas Co. v. Gainesville Paint &c. Co.*, 225 Ga. App. 441, 443 (2) (b) (483 SE2d 888) (1997).

[5] *Wickcliffe v. Wickcliffe Co.*, 227 Ga. App. 432, 435 (2) (489 SE2d 153) (1997).

[6] 184 Ga. App. 822, 824-825 (2) (363 SE2d 31) (1987).

[7] Id.

[8] *Ellis v. Gallof*, 220 Ga. App. 518, 519 (1) (469 SE2d 288) (1996) (plaintiffs must prevail on their basic cause of action in order to obtain litigation expenses); see also *Herrli Homes v. Roon*, 175 Ga. App. 85, 87 (3) (332 SE2d 379) (1985) (plaintiff must recover damages before he can recover expenses of litigation); but see *Barnett v. Morrow*, 196 Ga. App. 201, 203 (396 SE2d 11) (1990) (court has permitted recovery of attorney fees in equity cases where there was no monetary recovery but where equitable relief was granted).

[9] *King v. Loyd*, 170 Ga. App. 638, 640 (2) (317 SE2d 879) (1984); *King v. Cox*, 130 Ga. App. 91, 93 (6) (202 SE2d 216) (1973).

ISI technically breached the service contract, no remedy was forth-coming for the breach.

Interpreting the language of the service contract in its plain, ordinary and popular sense, we find that MRP was not the prevailing party in the underlying action. Therefore, it is not entitled to recover attorney fees.

ISI's second assertion of error, addressing the improper award of attorney fees incurred in connection with issues on which MRP was not successful, is moot.

*Judgment reversed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 10, 2000 —

*Chambers, Chambers & Chambers, Timothy D. Chambers, John W. Chambers, Jr.*, for appellants.

*Gaslowitz & Associates, Adam R. Gaslowitz, Timothy J. McGann, Walter Hamberg III*, for appellee.