S00G0793. MAGNETIC RESONANCE PLUS, INC. v. IMAGING SYSTEMS INTERNATIONAL et al.
(543 SE2d 32)

BENHAM, Chief Justice.

Magnetic Resonance Plus ("MRP") filed suit against North Georgia Diagnostic Imaging ("NGDI") and its managing agent Imaging Systems International ("ISI"), seeking money damages and injunctive relief. MRP had agreed to service and repair magnetic resonance imaging equipment for NGDI under the terms of a contract drafted by MRP. Several months later, NGDI became so dissatisfied with MRP's performance that it terminated the agreement without giving MRP the required 30 days notice and opportunity to cure provided for in the contract. Following a bench trial, the trial court found a breach of the contract by NGDI and awarded MRP $21,584.37 in damages for lost profits and $32,002 for attorney fees pursuant to a contract provision that stipulated: "In the event any proceeding or lawsuit is brought by MRP or [customer] in connection with the Agreement, the prevailing party in such proceeding shall be entitled to receive its . . . reasonable attorney's fees." On appeal, the Court of Appeals vacated the award for lost profits because the contract specifically shielded both parties from liability for "any lost profits or any incidental, special, or consequential damages relating to this Agreement." The Court of Appeals also vacated the award of attorney fees and remanded the case for the trial court to consider whether MRP was entitled to attorney fees as the prevailing party even though no monetary damages were awarded. *Imaging Systems Intl. v. Magnetic Resonance Plus*, 227 Ga. App. 641 (490 SE2d 124) (1997). On remand, the trial court found that MRP remained the prevailing party because the Court of Appeals did not reverse the trial court's finding that NGDI had breached the service contract. The trial court

again awarded $32,002 to MRP for attorney fees. The Court of Appeals again reversed the trial court, holding that because MRP obtained no relief from the lawsuit, it could not be considered the "prevailing party" in the ordinary meaning of the term. *Imaging Systems Intl. v. Magnetic Resonance Plus*, 241 Ga. App. 762 (527 SE2d 609) (2000).

We granted MRP's petition for certiorari to consider the correctness of the ruling by the Court of Appeals that MRP was not the "prevailing party" under the contract because it did not recover monetary damages or establish a right to non-monetary relief. MRP argues that the Court of Appeals reached the wrong result because it failed to apply the correct rules of construction, failed to consider the intent of the parties, and improperly applied case law arising from statutory as opposed to contractual provisions for attorney fees.

1. MRP contends that the Court of Appeals should have applied the three-part test enunciated in *Duffett v. E & W Properties*, 208 Ga. App. 484 (2) (430 SE2d 858) (1993):

> First, if no ambiguity appears, the trial court enforces the contract according to its terms irrespective of all technical or arbitrary rules of construction. [Cits.] That is, where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. [Cit.] Secondly, if ambiguity does appear, "[t]he existence or non-existence of an ambiguity is itself a question of law for the court. (Cits.) (Finally, a) jury question arises only when there appears to be an ambiguity in the contract which cannot be negated by the court's application of the statutory rules of construction." [Cit.]

The problem with MRP's reliance on *Duffett* is that both the trial court and the Court of Appeals appear to have applied that standard. Neither court found the phrase "prevailing party" to be ambiguous, so according to the first sentence quoted from *Duffett* above, there was no need for either court to apply the rules of construction intended to resolve ambiguity. The fact that the two courts did not agree on the meaning of the phrase does not mean it is ambiguous. "The construction of a contract is a question of law for the court." OCGA § 13-2-1. The trial court performed its function of deciding that question of law. The Court of Appeals is a court for the correction of errors of law (*Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999)), and as such it determined that the trial court erred in its determination of the legal import of the phrase, "prevailing party."

" 'It does not follow that merely because there are two possi-

ble interpretations which might be employed in construing a contract the matter automatically becomes a question for the jury. If that were true the court would rarely if ever, construe a contract as [OCGA § 13-2-1] declares its duty to be. The role and function of a court is higher than that of a mere referee.' [Cit.]"

*Holcomb v. Word*, 239 Ga. 847, 848 (238 SE2d 915) (1977).

2. Seeking the intent of the parties, which OCGA § 13-2-3 declares to be the "cardinal rule of construction," does not, as MRP argues, require submitting the matter to a finder of fact. "[W]here the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties." *Duffett*, supra. The contract provision in question provided that the prevailing party in litigation arising from the contract would be entitled to recover attorney fees. No language having been used in the contract to suggest that "prevailing party" was to have some special meaning in the context of this contract, the intent of the parties in using that phrase may be ascertained by considering how the courts have construed that phrase in other contracts. *Heist v. Dunlap & Co.*, 193 Ga. 462, 464-465 (18 SE2d 837) (1942).

Likewise, the consideration in this case of judicial constructions of the phrase in the context of statutory provisions for attorney fees is appropriate. " 'The laws which exist at the time and place of the making of a contract, enter into and form a part of it' [cits.]; and the parties must be presumed to have contracted with reference to such laws and their effect on the subject matter. . . ." *McKie v. McKie*, 213 Ga. 582 (2) (100 SE2d 580) (1957). Thus, to the extent the phrase, "prevailing party," has been construed in the course of statutory interpretation, the meanings assigned to it have become part of the body of law pertaining to awards of attorney fees. It was, therefore, appropriate for the Court of Appeals to consider such cases in reviewing the award of attorney fees to MRP.

3. Having concluded that the Court of Appeals followed the appropriate steps and applied the appropriate standards in considering the attorney fee award, what remains for determination is whether the Court of Appeals was correct in ruling that MRP was not the prevailing party. The key conclusion reached by the Court of Appeals was that since MRP obtained no relief from the lawsuit, it was not the prevailing party. MRP contends that obtaining relief is not the key to determining which is the prevailing party. Instead, MRP urges, the key is success on the merits of the action, and it succeeded on the merits in this case because the trial court found a breach of contract by NGDI.

In reviewing decisions from the appellate courts of this State

concerning which is the prevailing party with regard to an attorney fees claim, the importance of obtaining relief from the lawsuit becomes apparent. Applying an attorney fees provision in a contract, the Court of Appeals held in *Discovery Point Franchising v. Miller*, 234 Ga. App. 68 (5) (505 SE2d 822) (1998), that although both parties had been found in breach of the contract, the party to which the jury had awarded money damages was the prevailing party and was entitled to recoup its attorney fees. In *Gardner v. Kinney*, 230 Ga. App. 771, 772 (498 SE2d 312) (1998), where the plaintiff-in-counterclaim was awarded no damages on his counterclaim, the Court of Appeals held that he was not entitled to attorney fees pursuant to OCGA § 13-6-11, reasoning that "[b]ecause litigation expenses (costs and attorney fees) are wholly ancillary, they are not recoverable when no damages are awarded." In the application of OCGA § 19-6-19, this Court has looked to whether the party claiming attorney fees has obtained relief, holding in *Hendrix v. Stone*, 261 Ga. 874 (2) (412 SE2d 536) (1992), that although the ex-husband could not obtain a retroactive reduction in his alimony obligation, the fact that he succeeded in getting a reduction of alimony in his modification action was sufficient relief to authorize the trial court to award attorney fees to him.

It is also clear from the case law that the relief which must be obtained to entitle a party to attorney fees need not be monetary damages. In *Hendrix v. Stone*, supra, the relief which authorized an award of attorney fees was a reduction in alimony obligation. In *Hardwick, Cook & Co. v. 3379 Peachtree, Ltd.*, 184 Ga. App. 822 (2) (363 SE2d 31) (1987), the lease involved in the litigation contained a provision for attorney fees to the prevailing party in an action for possession of the premises, and the Court of Appeals held that the party to whom possession of the premises was awarded was thereby entitled to an award of attorney fees. This Court held in *Hunter v. George*, 265 Ga. 573 (4) (458 SE2d 830) (1995), that attorney fees are recoverable in equity cases, but went on to rule that the failure of the party seeking injunctive relief to obtain that relief prevented an award of attorney fees to that party.

Appellate decisions also establish that obtaining some but less than all of the relief sought is sufficient to authorize an award of attorney fees. After careful and accurate analysis of the statutory and decisional bases for an award of attorney fees to the prevailing party, it was concluded in *Georgia-Carolina Brick & Tile Co. v. Brown*, 153 Ga. App. 747 (2) (266 SE2d 531) (1980), that "where there is actual bad faith or stubborn litigiousness in the evidence, attorney fees are authorized under [OCGA § 13-6-11], regardless of the amount of the recovery." As the Court of Appeals later observed in *Gardner v. Kinney*, supra, 230 Ga. App. at 772, "there is a distinc-

tion between some amount and no amount."

Common to all the cases cited is the requirement that a claim for attorney fees be based on obtaining at least some of the relief sought. A succinct but thorough expression of that requirement was stated by the U. S. Supreme Court in establishing a standard for determining whether a plaintiff is a prevailing party for the purpose of seeking attorney fees in an action pursuant to 42 USCA § 1983: a plaintiff prevails when actual relief on the merits materially alters the legal relationship between the parties by modifying the defendant's behavior in any way that directly benefits the plaintiff. *Hutchinson v. Composite State Bd. of Med. Examiners*, 263 Ga. 186 (2) (429 SE2d 661) (1993), citing *Farrar v. Hobby*, 506 U. S. 103 (113 SC 566, 121 LE2d 494) (1992). Applying that standard to the present case, it is clear that MRP would not be entitled to attorney fees under that standard, either, because MRP obtained no actual relief from the jury's verdict; there was no alteration of the relationship of the parties by virtue of that verdict; and the defendant's behavior was not modified to MRP's benefit.

It thus appears that under any standard recognized in Georgia law for the award of attorney fees to a prevailing party, MRP's failure to obtain any of the relief it sought disqualified it from an award of attorney fees. Accordingly, the judgment of the Court of Appeals was correct and must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 2, 2001.

*Adam R. Gaslowitz & Associates, Adam R. Gaslowitz, Walter Hamberg III*, for appellant.

*Chambers, Chambers & Chambers, John W. Chambers, Sr., John W. Chambers, Jr., Timothy D. Chambers*, for appellees.