A09A2373. BENCHMARK BUILDERS, INC. et al.
v. SCHULTZ et al.
(691 SE2d 916)

BARNES, Judge.
Stephen H. Schultz and Elisabeth M. Schultz contracted with Benchmark Builders for the construction of a home. When the Schultzs did not close, Benchmark Builders filed a complaint for specific performance of the contract or, in the alternative, a claim for money damages for breach of contract. The Schultzs filed a counterclaim for breach of contract as well, alleging $15,488.89 in damages and requesting attorney fees.[1] After the house was sold, Benchmark amended its complaint, removing the petition for specific performance and instead requesting specified costs and other damages related to the Schultzs' breach.

The action proceeded to trial and the jury returned a verdict in favor of the Schultzs in the Benchmark action, and found for the Schultzs on their counterclaim, awarding them nothing in actual damages, but $16,555 in attorney fees. The verdict was filed and shortly thereafter Benchmark filed a motion to amend the verdict contending that "[s]ince the jury's verdict of zero on the Schultzs['] counterclaim was a judgment for Benchmark Homebuilders, Inc. and Robert Bump the award of attorney fees to the Schultzs was void as

---

[5] See *Kennesaw Flooring*, supra at 705.
[6] See *J. Kinson Cook, Inc.*, supra.
[1] Robert R. Bump, individually, as Benchmark's principal was later added as a party in the complaint and defendant in the counterclaim.

a matter of law." The trial court denied the motion and Benchmark filed a notice of appeal from that order. The notice of appeal was later withdrawn, and the trial court subsequently entered its final order. Benchmark now appeals from that final order.

Benchmark contends that the trial court erred in entering final judgment incorporating the terms of the verdict rendered by the jury, specifically in awarding the Schultzs attorney fees in the absence of an award for any actual damages. It argues that under OCGA § 13-6-11 attorney fees are ancillary and recoverable only when a party prevails on an underlying claim or remedy. The Schultzs maintain that as the prevailing party in the action, they are entitled to attorney fees under the contract. Upon our review, we affirm.

> In construing a verdict, we look to the pleadings, the issues made by the evidence, and the charge. This Court must view all of the evidence and every presumption arising therefrom most favorably toward upholding the jury's verdict. It is well settled that a strong presumption exists in favor of the validity of jury verdicts. Verdicts shall have a reasonable intendment and shall receive a reasonable construction. They shall not be avoided unless from necessity. And, if possible, a construction will be given which will uphold them. There is also a presumption that the verdict of a jury is based on a fair consideration of all matters presented to it.

(Punctuation and footnotes omitted.) *Davis v. Johnson*, 280 Ga. App. 318, 321 (634 SE2d 108) (2006).

Here, as to the Schultzs' counterclaim, the verdict form reflected the following choices:

___We find for the Plaintiff [the jury wrote the name "Bump" beside the clause, and it was not checked]

___We find for the Defendants [the jury checked this clause and wrote "Shultz" [sic] beside it]

If you find for the Defendants, continue forward and fill in the blanks below:

On Defendants' claim for providing light fixtures, we find for the Defendants in the amount of *0* Dollars. (Enter either "0" or the amount of damages you find).

> On Defendants' claim for the return of the earnest money, we find for the Defendants in the amount of *0* Dollars. (Enter either "0" or the amount of damages you find).

> On Defendants' claim for Attorney Fees, we find for the Defendants in the amount of *16,555* Dollars. (Enter either "0" or the amount of damages you find).

Pretermitting whether the jury's failure to award the Schultzs actual damages voided the award of attorney fees in the counterclaim, we find that Benchmark has waived the assertion of this error on appeal.

In *Harrison v. Arrendale*, 113 Ga. App. 118, 124 (3) (147 SE2d 356) (1966), Harrison complained that the trial court's charge to the jury was misleading and confusing and did not correctly state the form of verdict. However, the record contained evidence showing that the parties were

> called into chambers by the judge presiding in said case and their assistance was requested in preparing the forms of verdict to be submitted to the jury impaneled to try said case. After discussion between counsel for each party and the judge presiding in said case the forms of verdict as contained in the court's charge were prepared by the judge presiding in said case and submitted to counsel for each party for approval and at said time neither counsel offered any objections to the form of verdict prepared by the court.

(Punctuation omitted.) Id. This Court held that Harrison's "failure to object under these circumstances amounted to acquiescence and a waiver of objection to the charge attacked as ground for new trial." Id.

Likewise here, the parties fully participated in the preparation of the verdict form. The trial court explained in its order denying the motion to amend the verdict that both parties participated in creating the jury verdict form in chambers, and that Benchmark's "attorney was the primary author of the verdict form." The trial court further explained that it had previously, upon the agreement of both attorneys, accepted identical verdict forms because "the rationale for varying from the technically proper form was that to put in the provision that damages would have to be awarded as a condition precedent would confuse the jury and was subliminally instructing and or otherwise coercing the jury to find damages." The trial court also expressed shock that Benchmark would raise the issue post-trial, and "place[ ] the court in the possible position of unwittingly aiding

and abetting, ex post facto, [Benchmark's] case."

If Benchmark wanted to ensure that the award of attorney fees was conditioned upon an award of actual damages, it should have objected to the verdict form, which specifically allowed the jury to award attorney fees. See *Southern Crate &c. Co. v. McDowell*, 163 Ga. App. 153, 155 (3) (293 SE2d 541) (1982). Benchmark's failure to do so while the jury was still present and available to reform the verdict waived any objection. *Ploof Truck Lines v. Bennett*, 221 Ga. App. 789, 791 (3) (472 SE2d 552) (1996).

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 17, 2010 — 

G. E. *Adams*, for appellants.

*Bush, Crowley, Leverett & Leggett, J. Wayne Crowley*, for appellees.