## S10G1141. BENCHMARK BUILDERS, INC. et al.
## v. SCHULTZ et al.
### (711 SE2d 639)

NAHMIAS, Justice.

Appellees Stephen H. and Elizabeth M. Schultz contracted with appellant Benchmark Builders, Inc. ("Benchmark") to build a house.[1] As construction progressed, the Schultzes decided that Benchmark was not building the house according to the contract specifications, and they refused to accept the final product. Benchmark sued the Schultzes for breach of contract, demanding over $300,000 in damages. The Schultzes filed a counterclaim for breach of contract, seeking to recover $5,000 for earnest money they had paid and damage to light fixtures, as well as attorney fees. After trial, the jury found that the Schultzes did not breach the contract. The jury also found in favor of the Schultzes on their counterclaim; the jury awarded the Schultzes no actual damages but $16,552 in attorney fees.

After the jury was dispersed and the verdict was entered, Benchmark filed a motion to amend the verdict to strike the attorney fees award on the grounds that it was improper under OCGA § 13-6-11 because the Schultzes did not recover any actual damages.[2] The trial court denied the motion, and Benchmark appealed.

The Court of Appeals affirmed, reasoning that if Benchmark

---

[1] The other appellant is Benchmark's principal, Robert R. Bump.

[2] OCGA § 13-6-11 provides as follows:

The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

wanted to ensure that the attorney fees award was conditioned on an award of actual damages, it should have objected to the verdict form. See *Benchmark Builders, Inc. v. Schultz*, 302 Ga. App. 888, 891 (691 SE2d 916) (2010). The form included a line allowing the jury to award the Schultzes attorney fees on their counterclaim even if the jury did not award damages for the light fixtures or return of the earnest money, as also listed on the form. See id. at 889-890. We granted certiorari and posed the following question:

> Whether the Court of Appeals was correct in holding that by failing to object to the verdict form a party waives a claim that an award of attorney fees under OCGA Section 13-6-11 is improper in the absence of an award of actual damages.

1. We recently reiterated that a party does not waive an objection to a verdict that is void, as opposed to voidable, by failing to object to the verdict form or the verdict as rendered before the jury is released. See *Anthony v. Gator Cochran Constr., Inc.*, 288 Ga. 79, 80 (702 SE2d 139) (2010). An award of attorney fees but no other damages or affirmative relief under a statute that authorizes an award of attorney fees to the "prevailing party" is illegal and void, not merely erroneous and voidable. See *Meadows v. Douglas County Fed. Savings & Loan Assn.*, 169 Ga. App. 150, 151 (312 SE2d 169) (1983); *Wade v. Culpepper*, 158 Ga. App. 303, 305 (279 SE2d 748) (1981) (holding, in response to the argument that the appellants waived any objection to the form of the verdict, that "[c]ourts are without authority to breathe life into void judgments"). Although OCGA § 13-6-11 does not use the term "prevailing party," the same rule applies. See *Steele v. Russell*, 262 Ga. 651, 651-652 (424 SE2d 272) (1993); *Gardner v. Kinney*, 230 Ga. App. 771, 773 (498 SE2d 312) (1998). Accordingly, to the extent that the attorney fees award to the Schultzes was based on OCGA § 13-6-11, the Court of Appeals erred in relying on waiver to affirm the award.

2. The Court of Appeals did not address the Schultzes' alternative argument that the award of attorney fees was properly based on the parties' contract rather than OCGA § 13-6-11. See 302 Ga. App. at 889 (noting the contract argument but not discussing it further).

> Where the contract provides for an award of fees, the legal principles governing an award under OCGA § 13-6-11 . . . are inapplicable. Thus, in the absence of a controlling statute, a party's entitlement to attorney fees under a contractual provision is determined by the usual rules of contract interpretation.

John K. Larkins, Jr., Georgia Contracts Law and Litigation § 12-29 (a) (footnote omitted).

Benchmark contends that this argument is controlled by *Magnetic Resonance Plus, Inc. v. Imaging Systems Intl.*, 273 Ga. 525 (543 SE2d 32) (2001), where this Court held that it was appropriate to consider how the term "prevailing party" had been construed in cases involving statutory attorney fees awards in determining the meaning of the same term in a contractual attorney fees provision. See id. at 527-529. The Schultzes respond that the contract language at issue in this case is materially different from the contract in *Magnetic Resonance*. Moreover, an error in contract interpretation might result in a voidable, and therefore waivable, defect in a verdict. We decline to address this alternative argument in the first instance, leaving it to the Court of Appeals to consider on remand.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED JUNE 13, 2011.

*Varner & Adams, G. E. Bo Adams*, for appellants.
*Bush, Crowley, Leverett & Leggett, J. Wayne Crowley*, for appellees.