A09A2373. BENCHMARK BUILDERS, INC. v. SCHULTZ et al.
(726 SE2d 556)

BARNES, Presiding Judge.

In *Benchmark Builders v. Schultz*, 302 Ga. App. 888 (691 SE2d 916) (2010), we upheld the award of attorney fees to Stephen and Elizabeth Schultz holding that Benchmark Builders, Inc. had waived any claim that the award under OCGA § 13-6-11 was improper by failing to object to the verdict form. The Supreme Court of Georgia reversed our decision, finding that absent an award of actual damages, a party who fails to object to the verdict form does not waive a claim that an award of attorney fees under OCGA § 13-6-11[1] is improper. *Benchmark Builders v. Schultz*, 289 Ga. 329 (711 SE2d 639) (2011). The Supreme Court further concluded that "[a]n award of attorney fees but no other damages . . . *under a statute* that authorizes an award of attorney fees to the 'prevailing party' is illegal and void, not merely erroneous and voidable." (Citations omitted; emphasis supplied.) Id. at 330 (1). Accordingly, our ruling is vacated, and the judgment of the Supreme Court is made the judgment of this court.

The Supreme Court remanded the case to this court to determine whether the award of attorney fees was permissible under the parties' contract rather than under OCGA § 13-6-11. *Benchmark Builders*, 289 Ga. at 330 (2). Because the contract permitted attorney fees as a separate claim, we affirm the trial court's award of attorney fees.

The facts of this case are more fully detailed in our prior opinion, and need not be set forth in their entirety again. The facts relevant to our present review show that Benchmark sued the Schultzes for breach of contract, and the Schultzes filed a counterclaim for breach of contract, seeking to recover earnest money and attorney fees. The jury returned a verdict finding that the Schultzes did not breach the contract, and also found in favor of the Schultzes on their counter-claim. The jury awarded the Schultzes no actual damages, but awarded $16,552 in attorney fees. Benchmark challenged the verdict on appeal arguing that because the Schultzes received no money damages they were not the "prevailing party" and thus not entitled to attorney fees under OCGA § 13-6-11.

Upon review, we find that attorney fees were authorized to the

---

[1] OCGA § 13-6-11 provides as follows:

The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

"prevailing party" as a separate claim under the parties' contract.

> Where the contract provides for an award of fees, the legal principles governing an award under [OCGA] § 13-6-11 . . . are inapplicable. Thus, in the absence of a controlling statute, a party's entitlement to attorney fees under a contractual provision is determined by the usual rules of contract interpretation.

*Benchmark Builders*, 289 Ga. at 330-331 (2), citing John K. Larkins, Jr., Georgia Contracts Law and Litigation § 12-29 (a).

The contract at issue in this case provides:

> If any action at law or in equity . . . is brought to enforce or interpret the provisions of this agreement, the *prevailing party* shall be entitled to recover reasonable attorney's fees from the other party, which fees may be set by the court in the trial or appeal of such action or may be *enforced in a separate action brought for that purpose* and which fees shall be in addition to any other relief which may be awarded.

(Emphasis supplied.)

Benchmark argues that the "prevailing party" is the one who obtains more than a finding that the other party breached the contract but also obtains "actual relief on the merits [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in any way that directly benefits the plaintiff." *Magnetic Resonance Plus v. Imaging Systems Intl.*, 273 Ga. 525, 529 (3) (543 SE2d 32) (2001). See *Hutchinson v. Composite State Bd. of Med. Examiners*, 263 Ga. 186, 187 (2) (429 SE2d 661) (1993). *Magnetic*, however, is distinguishable from the current case because the contract in *Magnetic* did not present attorney fees as a separate and distinct claim.[2]

Here, the plain language of the contract does not limit the definition of "prevailing party" to a party who recovers monetary damages. The contract specifies that the party who prevails in an action to *enforce or interpret* the contract shall be entitled to recover attorney fees, either in that action or another action brought for that

---

[2] The contract in *Magnetic* stipulated:
   In the event any proceeding or lawsuit is brought by [Magnetic Resonance Plus, Inc.] or (customer) in connection with the Agreement, the prevailing party in such proceeding shall be entitled to receive its . . . reasonable attorney's fees.
(Punctuation omitted.) *Magnetic*, 273 Ga. at 525.

66

purpose. Here, per the verdict form, the jury clearly found for the Schultzes in the original claim filed by Benchmark and the couple's counterclaim. Although the jury awarded no actual damages in relation to the Schultzes' "claim for providing light fixtures" and "claim for the return of the earnest money," the jury awarded the Schultzes $16,552 on their third "claim for Attorney Fees," which was permitted per the contract based on their prevailing under the two other claims.

Accordingly, we conclude that the contract between the Schultzes and Benchmark contained a provision which gave rise to a separate and distinct claim for attorney fees by the prevailing party upon any litigation. Thus, because the jury returned a verdict in favor of the Schultzes on their counterclaim and Benchmark's original claim, the couple was entitled as the "prevailing party" to maintain a separate claim per the contract for attorney fees. Accordingly, the judgment by the trial court denying the motion to amend the verdict was correct and is affirmed.

*Judgment affirmed. Andrews and Miller, JJ., concur.*

DECIDED MARCH 22, 2012 —

*Varner & Adams, G. E. Bo Adams*, for appellant.
*Bush, Crowley, Leverett & Leggett, J. Wayne Crowley*, for appellees.

