S12G1256. BENCHMARK BUILDERS, INC. v. SCHULTZ.
(751 SE2d 45)

BENHAM, Justice.

This appeal comes to us from our grant of a petition for writ of certiorari from a decision of the Court of Appeals in *Benchmark Builders, Inc. v. Schultz*, 315 Ga. App. 64 (726 SE2d 556) (2012). For the reasons set forth below, we affirm the Court of Appeals' decision.

As more fully set forth in the previous reported opinions in this case,[1] Stephen and Elizabeth Schultz contracted with Benchmark Builders, Inc. for the construction of a home. The Schultzes refused to close because they claimed the home was not built in conformance with the contract, and Benchmark sued for specific performance or, in the alternative, for money damages for breach of contract. The Schultzes answered and filed a counterclaim for breach of contract seeking money damages for the return of earnest money they had

---

[1] The case involves an appeal from an award of attorney fees that has generated multiple opinions by this Court and the Court of Appeals. In *Benchmark Builders, Inc. v. Schultz*, 302 Ga. App. 888 (691 SE2d 916) (2010), the Court of Appeals affirmed the judgment entered on the verdict and held that defendant-in-counterclaim Benchmark Builders, Inc., against which the award was entered, waived its claim that an award of attorney fees under OCGA § 13-6-11 is improper in the absence of an award of actual damages by failing to object to the verdict form. This Court reversed that holding and remanded the case to the Court of Appeals to address the alternative argument asserted by counterplaintiffs Stephen and Elizabeth Schultz that the award was properly granted pursuant to the terms of the parties' contract. *Benchmark Builders, Inc. v. Schultz*, 289 Ga. 329 (711 SE2d 639) (2011). Upon remand, the Court of Appeals again affirmed the award. *Benchmark Builders, Inc. v. Schultz*, supra, 315 Ga. App. 64.

paid and also for the value of light fixtures they had purchased that had been installed in the home. They also sought attorney fees resulting from the alleged breach. At the completion of the trial, the jury returned a verdict form that found for the Schultzes both as to Benchmark's claim and the Schultzes' counterclaim. With respect to damages, the jury awarded the Schultzes zero dollars on the claim for light fixtures, zero dollars for return of the earnest money, and $16,555 on the claim for attorney fees. In *Benchmark Builders, Inc. v. Schultz,* supra, 315 Ga. App. 64 (*"Benchmark III"*), the Court of Appeals held the Schultzes were entitled, as the "prevailing party" in the action, to the award of attorney fees pursuant to the parties' contract and thus affirmed the award. We granted certiorari and posed the following question: Did the Court of Appeals err in finding that the parties' contract allowed for an award of attorney fees to a party that recovered no money damages or other relief that it sought? Compare *Benchmark III* with *Magnetic Resonance Plus, Inc. v. Imaging Systems Intl.,* 273 Ga. 525 (543 SE2d 32) (2001).

As the Court of Appeals noted in *Benchmark III,* the contract in the *Magnetic Resonance* case is distinguishable from the contract between Benchmark and the Schultzes. Pursuant to the contract for service and repair of magnetic imaging equipment in the *Magnetic Resonance* case: "In the event any proceeding or lawsuit is brought by [Magnetic Resonance or its customer] in connection with the Agreement, the prevailing party in such proceeding shall be entitled to receive its . . . reasonable attorney's fees." See *Magnetic Resonance,* supra, 273 Ga. 525. The construction contract at issue in this case provides:

> If any action at law or in equity . . . is brought to enforce or interpret the provisions of this agreement, the prevailing party shall be entitled to recover reasonable attorney's fees from the other party, which fees may be set by the court in the trial or appeal of such action or may be enforced in a separate action brought for that purpose and *which fees shall be in addition to any other relief which may be awarded.*

(Emphasis supplied.) Based upon this language, the Court of Appeals correctly found that the contract gave rise to a separate and distinct claim for attorney fees by the prevailing party to any litigation claim. We agree that this language grants the prevailing party a right to recover attorney fees that is not ancillary to, but in addition to, recovery of other damages, if any. That the contract explicitly states attorney fees shall be awarded "in addition to any other relief that *may* be awarded" forecloses any argument that money damages *had*

*to be awarded* in order for a prevailing party to collect attorney fees pursuant to the parties' contract.

> Although the jury awarded no actual damages in relation to the Schultzes' "claim for providing light fixtures" and "claim for the return of the earnest money," the jury awarded the Schultzes $16,552, on their third "claim for Attorney Fees," which was permitted per the contract based on their prevailing under the two other claims.

*Benchmark III*, supra, 315 Ga. App. at 66.

In the *Magnetic Resonance* case, we concluded "that under any standard recognized in Georgia law for the award of attorney fees to a prevailing party, [plaintiff's] failure to obtain any of the relief it sought disqualified it from an award of attorney fees." Id. at 528. This is because not only did the plaintiff fail to recover monetary damages or non-monetary relief, it failed to establish a right to any relief at all. Although the trial court found the defendant had breached the contract, the only relief sought by plaintiff in the *Magnetic Resonance* case was damages for lost profits whereas the contract expressly exempted both parties from liability for lost profits. Id. at 525. Under the terms of the contract, plaintiff could not be deemed the prevailing party.

In the instant case, however, the Schultzes were the defendants and, unlike plaintiffs who typically must obtain some affirmative relief on their claim to be deemed the "prevailing party," although, as noted below, the relief need not be monetary, defendants prevail by *not* having any relief imposed against them. In their status as defendants, the Schultzes were the prevailing party in that they prevailed on the merits of Benchmark's claim.[2] Even in their status as plaintiffs to their counterclaim, the Schultzes are the prevailing party pursuant to the terms of the contract. The jury found in favor of the Schultzes but awarded them zero dollars as damages. Under the terms of the contract, the fact that the jury did not award actual damages did not mean the Schultzes could not be deemed the prevailing party to the lawsuit. As we stated in *Magnetic Resonance,* "the relief which must be obtained to entitle a party to attorney fees

---

[2] Compare *Floyd v. Logisticare, Inc.*, 255 Ga. App. 702 (566 SE2d 423) (2002), which, according to Benchmark, supports its argument that the award of attorney fees should be reversed, as was the award to the defendant in *Floyd*, because the contract language in that case was similar to the language in the case now before us. In the *Floyd* case, however, the plaintiff's claims were dismissed without prejudice and thus the defendant was not the "prevailing party" because it did not prevail on the merits.

need not be monetary damages." 273 Ga. at 528 (3). They prevailed in Benchmark's claim for breach of contract and in their breach of contract counterclaim. Thus, the Schultzes' recovery on the counterclaim for attorney fees was not precluded because the contract expressly provides that attorney fees to the prevailing party "shall be in addition to any other relief that may be awarded." The Schultzes are the prevailing party in this case, pursuant to an adjudication on the merits of both Benchmark's claim and the Schultzes' counterclaim, and thus they are entitled to attorney fees.

Contrary to the argument asserted by Benchmark, this construction of the contract does not result in the Schultzes being deemed the prevailing party simply because they prevailed on the attorney fee claim. They prevailed on both Benchmark's claim of breach of contract as well as their own breach of contract counterclaim. Pursuant to the terms of the contract, this provided them with the right to relief on their separate and independent claim for attorney fees.

In sum, the contract provision in this case is distinguishable from that in *Magnetic Resonance* in that the Benchmark contract authorized recovery of attorney fees to the prevailing party as a separate, distinct claim that is not ancillary to recovery of relief on other claims asserted in the action. Pursuant to our holding in *Magnetic Resonance*, the Schultzes were the prevailing party in this action even though, other than the attorney fee award, they obtained no monetary relief. Accordingly, the award of fees to the Schultzes was authorized, and the judgment of the Court of Appeals in *Benchmark III* is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 4, 2013.

*Varner & Adams, G. E. Bo Adams*, for appellants.
*Bush, Crowley & Leverett, J. Wayne Crowley*, for appellees.