**CAREMINDERS HOME CARE, INC.,**
Plaintiff–Counter Defendant–
Appellee,

v.

**CONCURA, INC.,** Defendant–Appellant,

**James Dunn, Sonya Dunn,** Defendants–
Counter Claimants–Appellants.

No. 16-10112
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 08/25/2016

John H. Goselin, II, Thomas Bart Gary, Freeman Mathis & Gary, LLP, Atlanta, GA, for Plaintiff–Appellee

David Scott Crawford, Eason Kennedy & Crawford, Atlanta, GA, for Defendants–Appellants

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Defendants–Appellants Concura, Inc., James Dunn, and Sonya Dunn (collectively Concura) appeal the district court's orders and judgment confirming an arbitration award in favor of Plaintiff–Appellee CareMinders Home Care, Inc. (CareMinders), awarding CareMinders its attorneys' fees, and denying Concura's numerous post-judgment motions. Concura contends the district court should have (1) construed Concura's counterclaim to CareMinders' petition for confirmation as a motion to vacate and then (2) vacated the arbitration award under Section 10(a) of the Federal Arbitration Act (FAA), 9 U.S.C. § 10(a). Concura also contends the district court awarded unreasonable and inadequately supported attorneys' fees. After review,[1] we affirm.

■ As an initial matter, the district court correctly confirmed the arbitration award in its September 24, 2015 order. A proceeding to confirm an arbitration award under Section 9 of the FAA is intended·to be summary, and confirmation should be · withheld only if a party meets its substantial burden under Section 10 or 11 of the FAA. *See Cullen v. Paine, Webber, Jack-*

---

1. With respect to the district court's order confirming the arbitration award, "we accept the district court's findings of fact unless clearly erroneous, and we review questions of law *de novo*." *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1221 (11th Cir. 2000). We review for abuse of discretion the district court's denial of Concura's post-judgment motions and award of attorneys' fees. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002); *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

son & Curtis, Inc., 863 F.2d 851, 854 (11th Cir. 1989). A party that fails to file a motion under Section 10 or 11 within 90 days of the filing of the arbitration award thereby waives its right to raise Section 10 or 11 as a defense to a motion to confirm the arbitration award. *See id.* ("[T]he failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the United States Arbitration Act bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the USAA to confirm the award."). Concura never filed a motion to vacate or modify the arbitration award. Therefore, the district court was obligated to confirm the award. *See* 9 U.S.C. § 9 ("[T]he court *must grant* such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." (emphasis added)).

Under the circumstances of this case, there is no merit to Concura's contention that the district court should have construed Concura's counterclaim as a motion to vacate. First, the counterclaim itself stated that Concura would file a separate motion to vacate. Second, Concura failed to respond to CareMinders' August 11, 2015 supplement to its petition for confirmation, which argued that Concura had waived any defense by failing to timely move for vacatur or modification of the award. It was not until after the district court's Sep-

tember 24, 2015 order granting CareMinders' petition that Concura first suggested the district court should construe the counterclaim as a motion to vacate.

Concura identifies no authority for the proposition that a district court must *sua sponte* determine whether a filing could better serve the filer if construed in a different procedural posture.[2] Rather, Concura cites this Court's decision in *Johnson v. Directory Assistants, Inc.*, in which we upheld the district court's order construing a party's complaint as a motion to vacate. 797 F.3d 1294, 1299 (11th Cir. 2015) ("While the plaintiffs improperly included their request to vacate the arbitration award in their complaint, it was not error for the district court to construe the request as a motion."). Far from *obligating* a district court to independently inquire into the most advantageous construction of a represented civil litigant's filing, *Johnson* affirms a district court's *discretion* to liberally construe a poorly conceived filing.[3] *See id.*

Had the district court attempted to construe Concura's counterclaim as a motion to vacate, the district court would have nevertheless found Concura's allegations to be far too sparse to raise a meritorious basis for vacatur under Section 10. The counterclaim attempts to allege four bases for vacatur: (1) Concura was unrepresented on the date its counsel entered his appearance on Concura's behalf (an oxy-

---

2. Such an obligation exists as to *pro se* prisoners, *see United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (stating "[f]ederal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework"), but we know of no support for the obligation's having been extended to typical, represented civil litigants.

3. We also note that in both *Johnson* and the decision upon which *Johnson* relies, we emphasized that the parties had thoroughly briefed the bases for vacatur before the district court. *See id.*; *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 748 (11th Cir. 1988). Particularly here, where Concura never presented the district court with a clear and thorough articulation of the alleged bases for vacatur, the district court did not err in declining to *sua sponte* construe the counterclaim as a motion to vacate.

moron); (2) the arbitrator denied a series of motions for continuance or stay; (3) the arbitrator permitted direct communications from CareMinders (recipient unidentified); and (4) the arbitrator's attorneys' fee award lacks evidentiary support and is unreasonable. Except for the evidentiary challenge to the arbitrator's attorneys' fee award, the counterclaim is so vague that the district court could not possibly have discerned a factual predicate for Section 10 relief. *See Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1015 (11th Cir. 1998), overruled in part on other grounds by *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) ("Scott's claims amount to precisely the vague, remote, and speculative charges that we have held cannot support an order to vacate an arbitration award."). Even Concura appeared to recognize the need for a fuller articulation of the alleged bases for vacatur. In the counterclaim, Concura stated that "[t]here is a proper factual basis to vacate and/or modify the Arbitration Award that will be more fully outlined in a motion...." Although the counterclaim successfully articulates insufficient evidence as the factual predicate for its challenge to the arbitrator's fee award, such a challenge is not a permissible basis for Section 10 relief. *See Wiand v. Schneiderman*, 778 F.3d 917, 926 (11th Cir. 2015) ("When reviewing an arbitration award ..., we may revisit neither the legal merits of the award nor the factual determinations upon which it relies."). Thus, had the district court construed Concura's counterclaim as a motion to vacate, the district court would have nevertheless confirmed the award.

■ The district court did not abuse its discretion in denying Concura's motion for reconsideration. Concura had the opportunity to timely move for vacatur and failed to do so. Concura likewise neglected the opportunity to respond to CareMinders' August 11, 2015 supplement to its petition for confirmation, in which CareMinders argued that Concura had waived the right to challenge the award by failing to timely move for vacatur. A motion for reconsideration exists for the correction of "obvious errors or injustices," *Carter ex rel. Carter v. United States*, 780 F.2d 925, 928 (11th Cir. 1986) (quotation marks omitted), and is an improper vehicle for a party to add a new argument, *see In re Engle Cases*, 767 F.3d 1082, 1121 (11th Cir. 2014) ("[Plaintiffs' counsel] cannot now claim to have been surprised by the court's 'inadvertent' dismissal of these cases simply because they later thought up an argument as to why those cases shouldn't have been dismissed."). The district court did not abuse its discretion in declining to accept Concura's belated request to construe the counterclaim as a motion to vacate.

■ The district court also did not abuse its discretion by declining to hold an evidentiary hearing, yet concluding in the alternative that Concura's counterclaim failed to sufficiently allege a basis for vacatur. As discussed above, Concura's abbreviated references to a period during which Concura was unrepresented, the arbitrator's failure to continue the arbitration, improper communications, and the arbitrator's alleged evidentiary errors in determining the attorneys' fee award all fail to meet the strict standard against which a motion to vacate is judged. *See O.R. Sec., Inc.*, 857 F.2d at 746 n.3 ("Because [the movant] failed to allege sufficient bases to support its claims for relief, the district court was not required to hold an evidentiary hearing."). Thus, no evidentiary hearing was necessary.

■ Finally, the district court did not abuse its discretion in awarding CareMinders its attorneys' fees or in determining the amount. The contract that underlies

the parties' dispute permits CareMinders to recover fees incurred enforcing the agreement. *See Benchmark Builders, Inc. v. Schultz*, 315 Ga.App. 64, 726 S.E.2d 556, 557 (2012) (recognizing the validity of fee-shifting contract provisions). CareMinders supported its request for fees with admissible declarations, *see* 28 U.S.C. § 1746, and the district court properly credited the declarations over Concura's unsupported and conclusory objections to the reasonableness of the fees. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight. As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents." (citation omitted)).

**AFFIRMED.**