[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11182
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-00952-LMM


FATT KATT ENTERPRISES, INC.,
d.b.a. Granite Transformations of Atlanta,

Plaintiff - Counter
Defendant - Appellant,

versus

RIGSBY CONSTRUCTION, INC.,
d.b.a. Artisan Design & Construction Group,

Defendant - Counter
Claimant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 27, 2019)


Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Fatt Katt Enterprises d/b/a/ Granite Transformations of Atlanta (Fatt Katt) sued Rigsby Construction, Inc. d/b/a Artisan Design and Construction Group (Rigsby), asserting claims including (1) breach of contract and (2) violation of Georgia's Prompt Pay Act, O.C.G.A. § 13-11-1, *et. seq.*, and seeking damages for work that Fatt Katt allegedly performed.  Rigsby answered and filed counterclaims against Fatt Katt for breach of contract.  The district court granted Rigsby's motion for a directed verdict on Fatt Katt's Prompt Pay Act claim based on O.C.G.A. § 13-11-4(b), a default statutory rule governing the timing of payments between contractors and subcontractors.  Rigsby sought and obtained attorney's fees as the "prevailing party" in the action under O.C.G.A. § 13-11-8.  Fatt Katt now appeals the directed verdict and award of attorney's fees.

Fatt Katt first contends that the district court misinterpreted the Georgia Prompt Pay Act in granting a directed verdict to Rigsby by ignoring a provision in the Act that allowed the parties to negotiate payment terms that would control in lieu of O.C.G.A. § 13-11-4(b).  Fatt Katt also argues that the district court erred in awarding attorney's fees to Rigsby under the Prompt Pay Act because Rigsby was not a "prevailing party" insofar as it did not obtain any relief at trial.  We affirm.

## I. Factual and Procedural Background

This case arises from a construction dispute between a general contractor,

2

Rigsby, and one of its subcontractors, Fatt Katt.  Seeking damages for work it allegedly performed in constructing a hotel, Fatt Katt sued Rigsby for breach of contract, unjust enrichment, quantum meruit, and violation of Georgia's Prompt Pay Act, O.C.G.A. § 13-11-1, *et. seq.* (Prompt Pay Act).  Rigsby answered and filed counterclaims for breach of contract and a declaratory judgment related to a mechanics' lien that Fatt Katt recorded against the property.

Before the jury considered any issues, the district court granted Rigsby's motion for a directed verdict on Fatt Katt's Prompt Pay Act claim.  The court reasoned that O.C.G.A. § 13-11-4(b), a default statutory rule governing the timing of payment in construction contracts, only required a contractor to pay its subcontractors after receiving payment from the property owner in a contract. Because there was no evidence that the hotel owner had ever paid Rigsby for Fatt Katt's alleged work, O.C.G.A. § 13-11-4(b) barred Fatt Katt's claims.  Fatt Katt argued that it had an oral agreement with Rigsby that, under O.C.G.A. § 13-11-7(b), superseded the language of O.C.G.A. § 13-11-4(b).  The district court rejected this argument.

A jury considered the remaining issues, finding for Rigsby on Fatt Katt's breach of contract claim.  On Rigsby's counterclaim, the jury found that Fatt Katt had breached the contract, but did not award any monetary damages.  Rigsby filed a Bill of Costs and Motion for Attorney's Fees as the "prevailing party" under Rule

54(d) of the Federal Rules of Civil Procedure and O.C.G.A. § 13-11-8. Fatt Katt opposed the Motion for Attorney's Fees and filed a Motion to Amend Final Judgment, arguing that Rigsby was not the "prevailing party" in the action. The district court denied this Motion to Amend and granted, in part, Rigsby's Motion for Attorney's Fees. Fatt Katt now appeals the directed verdict and the order granting attorney's fees to Rigsby under the Prompt Pay Act.

## II. Directed Verdict

We review a district court's grant of a directed verdict de novo. *Wilcox v. Corr. Corp. of Am.*, 892 F.3d 1283, 1286 (11th Cir. 2018). We apply the same standard of review as the district court. *Miles v. Tenn. River Pulp & Paper Co.*, 862 F.2d 1525, 1527–28 (11th Cir. 1989). We view the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party, *Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1237 (11th Cir. 2013), and affirm only if "a reasonable jury would not have a legally sufficient evidentiary basis to find" for the nonmoving party, *Wilcox*, 892 F.3d at 1286 (internal quotation marks omitted).

We will not reverse a district court decision if the court's error is harmless. To determine whether an error is harmless, we ask "whether the complaining party's substantive rights were affected." *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1276 (11th Cir. 2008).

Section 4(b) of the Georgia Prompt Pay Act states:

> When a subcontractor has performed in accordance with the provisions of its subcontract and the subcontract conditions precedent to payment have been satisfied, the contractor shall pay to that subcontractor . . . within ten days of receipt by the contractor . . . of each periodic or final payment, the full amount received for such subcontractor's work and materials based on work completed or service provided under the subcontract . . . .

GA. CODE ANN. § 13-11-4(b) (West). This section suggests that a contractor must receive payment from the property owner before paying a subcontractor for work performed "in accordance with the provisions of its subcontract." That is, payment to the contractor is a condition precedent to the contractor's duty to pay the subcontractor. The district court determined that the property owner did not pay Rigsby for the amount Fatt Katt demanded under the Act, and thus Fatt Katt's claim did not satisfy the requirements of O.C.G.A. § 13-11-4(b).

Section 13-11-7(b) of the Prompt Pay Act provides that "[n]othing in this chapter shall prohibit owners, contractors, and subcontractors from agreeing by contract to rates of interest, payment periods, and contract and subcontract terms different from those stipulated in this Code section, and in this event, these contractual provisions shall control." GA. CODE ANN. § 13-11-7(b) (West). Where the Prompt Pay Act clearly states that it does not apply to certain claims, Georgia courts have followed the plain language of the statute. *See, e.g.*, *City of Atlanta v. Hogan Constr. Grp., LLC*, 801 S.E.2d 606, 610–11 (Ga. Ct. App. 2017) (citing *Pipe Sols., Inc. v. Inglis*, 661 S.E.2d 683, 686 (Ga. Ct. App. 2008)).

5

Fatt Katt alleges that it entered into an oral agreement with Rigsby regarding the timing of progress payments, and the terms of its agreement should control under O.C.G.A § 13-11-7(b) and *City of Atlanta*. Fatt Katt asserts that Rigsby "agreed to pay all invoices received upon receipt," and since this agreement controls, O.C.G.A. § 13-11-4(b) does not apply and Fatt Katt's Prompt Pay Act claim is not be barred.

The district court determined that O.C.G.A. § 13-11-7(b) did not apply to Fatt Katt's claim; instead, the court focused on O.C.G.A. § 13-11-4(b). Basing its conclusions on the requirements in § 13-11-4(b), the court stated that it did not "find anything in the record" to support Fatt Katt's Prompt Pay Act claim, because Rigsby did not receive payment from the hotel owner prior to Fatt Katt's demand for payment.

The district court properly applied the Georgia Prompt Pay Act. Section 13-11-7(b) falls under the heading "Interest on Late Payments," and states that parties to a contract may agree to terms "different from those stipulated in this Code *section*, and in this event, these contractual provisions shall control." GA. CODE ANN. § 13-11-7(b) (West) (emphasis added). Thus, § 13-11-7(b) applies only in the context of late interest payments under § 13-11-7, and does not apply to other sections in the Act.

The language of O.C.G.A. § 13-11-7(b) does not except Fatt Katt's claim

from the default requirements in O.C.G.A. § 13-11-4(b), and therefore Fatt Katt must meet these requirements to prevail on its Prompt Pay Act claim. Accordingly, Fatt Katt must show that Rigsby received payment from the hotel owner before asserting a claim that Rigsby is obligated to pay Fatt Katt for its construction work. Fatt Katt did not present any such evidence.

Although we must view the facts and draw all reasonable inferences in the light most favorable to Fatt Katt, there is not sufficient evidence to allow a reasonable jury to find for Fatt Katt on its Prompt Pay Act claim. *See Wilcox v. Corr. Corp. of Am.*, 892 F.3d 1283, 1285–86 (11th Cir. 2018). Thus, we affirm the district court's grant of a directed verdict to Rigsby.

### III. Prevailing Party

"Although we review a district court's decision to award attorney's fees for abuse of discretion, the question of law regarding the proper standard for the award is an issue we consider de novo. We review any factual findings germane to that question under a clear error standard." *Loggerhead Turtle v. Cty. Council of Volusia Cty., Fla.*, 307 F.3d 1318, 1322 (11th Cir. 2002) (citations omitted).

Section 13-11-8 of the Georgia Prompt Pay Act provides:

> In any action to enforce a claim under this chapter, the prevailing party is entitled to recover a reasonable fee for the services of its attorney including but not limited to trial and appeal and arbitration, in an amount to be determined by the court or the arbitrators, as the case may be.

7

GA. CODE ANN. § 13-11-8 (West).  When this Court renders a decision based on interpretation of a state statute, we must decide the case as the state's highest court would.  *Clark v. Riley*, 595 F.3d 1258, 1264 (11th Cir. 2010).  The Georgia Supreme Court has held that attorney's fees are recoverable where authorized by statutory provision or by contract.  *See Smith v. Baptiste*, 694 S.E.2d 83, 87 (Ga. 2010).  The Georgia Supreme Court has not interpreted the meaning of "prevailing party" in the context of the Prompt Pay Act, but has evaluated the same terminology in other statutory and contractual contexts.

In arguing that Rigsby is not a "prevailing party," Fatt Katt relies on *Magnetic Resonance Plus, Inc. v. Imaging Sys. Int'l*, 543 S.E.2d 32 (Ga. 2001), in which the Georgia Supreme Court, while interpreting a contract, determined that a plaintiff was not a "prevailing party" unless it affirmatively obtained "at least some of the relief" it sought in the action.  *Id.* at 35–36.  That case is inapplicable on its facts, as are the other cases cited by Fatt Katt underlying the same proposition.  In these cases, the "prevailing party" analysis dealt with plaintiffs attempting to prevail on their claims or defendants attempting to prevail on counterclaims—not defendants prevailing against a plaintiff's claim.

After receiving a directed verdict on Fatt Katt's Prompt Pay Act claim, Rigsby sought attorney's fees pursuant to § 13-11-8 of that Act as the *prevailing defendant*.  *See Benchmark Builders, Inc. v. Schultz*, 294 Ga. 12, 14 (Ga. 2013)

8

("[U]nlike plaintiffs who typically must obtain some affirmative relief on their claim to be deemed the 'prevailing party' . . . defendants prevail by *not* having any relief imposed against them.").[1]  Significantly, the district court explicitly granted fees under § 13-11-8 of the Prompt Pay Act, and did not award fees based on Rigsby's counterclaim.

## IV. Conclusion

The district court correctly applied provisions of the Georgia Prompt Pay Act to the present case.  The court properly granted Rigsby's motion for a directed verdict under O.C.G.A. § 13-11-4(b), because Fatt Katt failed to present evidence meeting the requirements of that provision.  The court also correctly held that the language of O.C.G.A. § 13-11-7(b) did not apply to § 13-11-4(b).  Finally, the court properly awarded attorney's fees to Rigsby as the "prevailing" defendant on Fatt Katt's unsuccessful Prompt Pay Act claim.  Accordingly, we affirm.

**AFFIRMED.**

---

[1] In *Benchmark Builders*, a contract provision allowed attorney's fees "*in addition to any other relief which may be awarded*," declaring that an award of attorney's fees would be independent from a party's recovery on affirmative claims.  *Id.* at 13 (emphasis added).  The *Benchmark Builders* court found that these contractual terms supported an award of attorney's fees to defendants as the "prevailing party" on their *counterclaims*.  *Id*.  The court also noted that the defendants prevailed on the *plaintiff's* claims, because *the defendants did not have any relief imposed against them*.  *Id*.  This second determination of the defendants' status as a "prevailing party" controls in the present case.