**FOURTH DIVISION
DOYLE, P. J.,
MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 16, 2015**

# In the Court of Appeals of Georgia

A14A2236. MARINO et al. v. CLARY LAKES HOMEOWNERS
ASSOCIATION, INC.

DILLARD, Judge.

Clary Lakes Homeowners Association, Inc. (the "Association") sued homeowners Joseph and Patricia Marino, seeking damages and enforcement of a restrictive covenant that required garages to be used for parking vehicles and not for storage. The Marinos filed an answer and counterclaim, contending that the restrictive covenant was invalid. The trial court granted partial summary judgment to the Association, but in *Marino v. Clary Lakes Homeowners Association, Inc.*[1] (*Marino I*), we ruled that the restrictive covenant was unenforceable against the Marinos. Consequently, we reversed the trial court's grant of summary judgment to the

---

[1] 322 Ga. App. 839, 840 (747 SE2d 31) (2013).

Association on its claims predicated on the breach of the restrictive covenant and remanded the case with direction for the trial court to enter summary judgment in favor of the Marinos as to those claims.[2] In addition, we reversed the trial court's grant of summary judgment to the Association on its claim for attorney fees under a "prevailing party" provision in the covenants, but we affirmed the denial of summary judgment to the Marinos on this issue because an award of such fees was potentially dependent upon the resolution of the Association's claim for breach of a settlement agreement, which remained pending.[3]

Following remand, the Marinos filed a motion to dismiss the Association's breach-of-settlement-agreement claim, which the trial court denied. Nevertheless, the Association ultimately dismissed this claim and then moved to dismiss the Marinos' attorney fees claim. Finding that neither party prevailed in the litigation, the trial court granted the Association's motion. On appeal, the Marinos contend that the trial court erred in (1) dismissing their claim for attorney fees under the "prevailing party" provision, (2) denying their motion to dismiss the claim for breach of the settlement agreement, (3) denying their motion for attorney fees pursuant to OCGA § 9-15-14

---

[2] *Id.* at 844-48 (2).

[3] *Id.* at 850 (5).

(b), (4) dismissing their counterclaims, and (5) failing to enter final judgment in their favor. For the reasons set forth *infra*, we affirm in part, reverse in part, and remand the case for further proceedings consistent with this opinion.

A detailed recitation of the background facts can be found in *Marino I*.[4] Nevertheless, by way of summary, the undisputed record shows that in 2003, a majority of the homeowners in the Clary Lakes subdivision and the Association approved an Amended and Restated Declaration of Protective Covenants for Clary Lakes (the "Amended Declaration") and Amended and Restated Bylaws of Clary Lakes Homeowners Association, Inc. (the "Bylaws").[5] Importantly, the Amended Declaration included a provision stating that the Association and the Clary Lakes subdivision were submitting to application of the Property Owners' Association Act ("POA Act") (OCGA § 44-3-220 *et seq.*).[6] And under the Amended Declaration, use of garages was governed by Section 11 (i), which provided:

> *Garage Parking.* All vehicles owned or used on a regular basis by Owners or Occupants shall be parked in garages to the extent that garage

---

[4] *See id.* at 840-43.

[5] *Id.* at 841.

[6] *Id.*

3

space is available and vehicles fit in the garage. Garages shall not be used for storage on a regular basis so that they become unavailable for parking cars therein. The Covenant Committee shall have the power to grant a variance to any Owner or Occupant who demonstrates special circumstances why he cannot comply with this requirement. Application for this variance must be made in writing to the Covenant Committee. The variance to the Owner or Occupant must be in writing and specify the term of the required variance.[7]

The Marinos purchased their home in the Clary Lakes subdivision nearly ten years prior to the approval of the Amended Declaration, and they did not vote in favor of the declaration or give their written consent to it.[8] And because their home did not have a basement, the Marinos used their garage for storage and parked their vehicles on their driveway, which had been permitted prior to the 2003 approval of the Amended Declaration.[9] Consequently, in January 2009, the Association informed the Marinos that they were in violation of the Garage Use Covenant.[10] Initially, the Association attempted to resolve the dispute by issuing a temporary variance to allow

[7] *Id.* at 841-42.

[8] *Id.* at 842.

[9] *Id.*

[10] *Id.*

the Marinos time to comply with the covenant.[11] But when the Marinos requested a permanent variance, the Association refused and, pursuant to the Amended Declaration, began to levy daily fines, which the Marinos refused to pay.[12]

In 2011, the Association sued the Marinos for damages, injunctive relief, and attorney fees, alleging that they were in violation of the Garage Use Covenant, breached a settlement agreement, and owed fines.[13] The Marinos filed an answer and counterclaims, arguing, *inter alia*, that the Garage Use Covenant was unenforceable against them because they had not consented to it pursuant to OCGA § 44-5-60 (d) (4)[14] and because it had not been approved by at least two-thirds of the votes in the Association as required by the POA Act.[15] The Marinos also sought attorney fees.[16]

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *See* OCGA § 44-5-60 (d) (4) ("Notwithstanding any other provision of this Code section or of any covenants with respect to the land, no change in the covenants which imposes a greater restriction on the use or development of the land will be enforced unless agreed to in writing by the owner of the affected property at the time such change is made.").

[15] *Marino*, 322 Ga. App. at 842; *see also* OCGA § 44-2-226 (a).

[16] *Id.* at 843.

After the parties filed cross motions for summary judgment, the trial court ruled that the Garage Use Covenant was not subject to either the written-consent requirement imposed by OCGA § 44-5-60 (d) (4) or the two-thirds voting requirement imposed by the POA Act.[17] Thus, the trial court denied summary judgment to the Marinos and granted summary judgment to the Association on its claims for damages for the nonpayment of fines, injunctive relief, and attorney fees.[18] However, the court also ruled that genuine issues of material fact precluded a grant of summary judgment in favor of the Association as to its breach-of-settlement-agreement claim.[19]

Thereafter, the Marinos filed an appeal with this Court. And in *Marino I*, we concluded

> that for the restrictive covenant at issue to be enforceable against the Marinos, they had to agree to the covenant in writing pursuant to OCGA § 44-5-60 (d) (4), or the covenant had to be approved by at least two-thirds of the votes in the Association pursuant to OCGA § 44-3-226 (a) of the POA Act. Because the uncontroverted evidence shows that neither condition was met in this case, the restrictive covenant was

[17] *Id.*

[18] *Id.*

[19] *Id.* at 850 (5).

6

unenforceable against the Marinos, and the trial court erred in concluding otherwise.[20]

Accordingly, we reversed the grant of summary judgment to the Association, and the denial of summary judgment to the Marinos, on the Association's claims for damages and injunctive relief based on the violation of the restrictive covenant, and we remanded the case with direction for the trial court to enter summary judgment for the Marinos on those claims.[21] We also reversed the grant of summary judgment to the Association on its claim for attorney fees under the "prevailing party" provision of the Amended Declaration.[22] But we held that an award of attorney fees to either party would be premature because the Association's claim for the alleged breach of the settlement agreement remained pending, "and the outcome with regard to that claim may affect who is deemed the 'prevailing party' in this litigation."[23]

On remand, the Marinos moved to dismiss the Association's breach-of-settlement-agreement claim, arguing that it violated public policy. The Marinos also

---

[20] *Id.* at 840.

[21] *Id.* at 844-48 (2).

[22] *Id.* at 850 (5).

[23] *Id.*

sought to be declared the "prevailing party" and awarded attorney fees. The Association responded and, while the motions were pending, it amended its complaint to request both damages and injunctive relief for the Marinos' alleged breach of the settlement agreement. In addition, the Association moved to dismiss the Marinos' counterclaims for attorney fees.

Despite its recent amendment, on April 29, 2014, the Association voluntarily dismissed its claim for breach of the settlement agreement. And shortly thereafter, the trial court scheduled a hearing for arguments on the Association's motion to dismiss the Marinos' counterclaims for attorney fees, as well as their motion seeking an award of attorney fees as the "prevailing party." On May 30, 2014, the day of the hearing, the Marinos filed a supplemental motion, seeking attorney fees pursuant to OCGA § 9-15-14 (b). At the conclusion of the hearing, the trial court found that because the Association's claim for breach of the settlement agreement was not adjudicated on the merits, neither party had prevailed. Consequently, the trial court issued an order ruling that the Marinos were not entitled to attorney fees as the "prevailing party" and further ruled that they were not entitled to attorney fees under OCGA § 9-15-14 (b). This appeal follows.

1. The Marinos contend that the trial court erred in ruling that they were not the "prevailing party" to the litigation and, therefore, were not entitled to attorney fees under the Amended Declaration. We agree.

At the outset, we note that the declaration of a homeowner's association is "considered a contract, and we therefore apply the normal rules of contract construction to determine the meaning of the terms therein."[24] First, the construction of a contract is "a question of law for the court."[25] That being said, it is well established that the cardinal rule of construction is "to ascertain the intent of the parties[ and w]here the contract terms are clear and unambiguous, the court will look to that alone to find the true intent of the parties."[26] In determining the parties' intent, "all the contract terms must be considered together in arriving at the construction of

---

[24] *Crabapple Lake Parc Cmty. Ass'n, Inc. v. Circeo*, 325 Ga. App. 101, 104-105 (1) (a) (751 SE2d 866) (2013); *accord Hall v. Town Creek Neighborhood Ass'n*, 320 Ga. App. 897, 899 (740 SE2d 816) (2013); *Southland Dev. Corp. v. Battle*, 272 Ga. App. 211, 213-214 (612 SE2d 12) (2005).

[25] *Bd. of Comm'rs of Crisp County v. City Comm'rs of the City of Cordele*, 315 Ga. App. 696, 699 (727 SE2d 524) (2012); *accord Holcim (US), Inc. v. AMDG, Inc.*, 265 Ga. App. 818, 820 (596 SE2d 197) (2004).

[26] *Crabapple Lake Parc*, 325 Ga. App. at 105 (1) (a) (punctuation omitted); *accord Municipal Elec. Auth. of Ga. v. Gold-Arrow Farms, Inc.*, 276 Ga. App. 862, 866 (1) (625 SE2d 57) (2005).

9

any part, and a construction upholding the contract in whole and every part is preferred."[27] And when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation, the language used "must be afforded its literal meaning and plain ordinary words given their usual significance."[28] With these guiding principles in mind, we turn now to the Marinos' specific claim of error.

The final sentence of Section 16 (b) of the Amended Declaration provides: "In the event of litigation, the losing party shall pay the litigation expenses, including the reasonable attorney's fees actually incurred, of the prevailing party." Construing similar language, the Supreme Court of Georgia has held that "a plaintiff prevails when actual relief on the merits materially alters the legal relationship between the parties by modifying the defendant's behavior in any way that directly benefits the plaintiff,"[29] and that "unlike plaintiffs who typically must obtain some affirmative

---

[27] *Crabapple Lake Parc*, 325 Ga. App. at 105 (1) (a) (punctuation omitted); *accord Municipal Elec. Auth. of Ga.*, 276 Ga. App. at 866 (1).

[28] *Crabapple Lake Parc*, 325 Ga. App. at 105 (1) (a) (punctuation omitted); *accord Municipal Elec. Auth. of Ga.*, 276 Ga. App. at 866 (1).

[29] *Magnetic Resonance Plus, Inc. v. Imaging Sys. Int'l*, 273 Ga. 525, 529 (3) (543 SE2d 32) (2001); *accord Farrar v. Hobby*, 506 U.S. 103, 111-112 (II) (113 SCt 566, 121 LEd2d 494) (1992); *Hutchinson v. Composite State Bd. of Med. Examiners*,

relief on their claim to be deemed the 'prevailing party' . . . defendants prevail by *not* having any relief imposed against them."[30]

Here, the Marinos (as defendants in this action) prevailed as to the Association's claims for damages and injunctive relief predicated on the breach of the Garage Use Covenant when this Court ordered the trial court to enter summary judgment in their favor as to those claims. At that point in time, the Association's claim for breach of the settlement agreement was still pending, and thus, we held that deeming either the Marinos or the Association as the "prevailing party" under Section 16 (b) of the Amended Declaration was premature. But once the Association voluntarily dismissed its only remaining claim, the Marinos prevailed, regardless of their counterclaims, "by *not* having any relief imposed against them."[31]

In its order denying the Marinos' claim for attorney fees, the trial court characterized our holding in *Marino I* as having "found that Plaintiff had a separate, viable claim against Defendants and that the outcome of such claim *would* determine

---

23 Ga. 186, 186 (429 SE2d 661) (1993).

[30] *Benchmark Builders, Inc. v. Schultz*, 294 Ga. 12, 14 (751 SE2d 45) (2013) (punctuation omitted) (emphasis in original).

[31] *Id.* (emphasis in original).

11

the 'prevailing party' in this case."[32] And based on this reading, it concluded that because there was no adjudication on the merits of the breach-of-settlement-agreement claim, neither party prevailed. However, this conclusion is belied by the actual language of our opinion in *Marino I*, which indicated that the outcome with regard to the breach-of-settlement-agreement claim "*may* affect who is deemed the 'prevailing party' in this litigation."[33] The rather simple conclusion that follows from this language is that even though the Marinos succeeded in arguing that the covenant was not enforceable against them, the Association might nevertheless be deemed as prevailing if it succeeded on its alternative claim that the Marinos agreed to a compromise of the dispute and then breached that agreement. But when the Association's remaining claim was dismissed, the Marinos were then in the position of having prevailed on the only claims that *were* adjudicated on the merits. Given these circumstances, we reverse the trial court's ruling that the Marinos were not the "prevailing party" to this litigation and were not entitled to attorney fees,[34] and

---

[32] Emphasis supplied.

[33] *Marino*, 322 Ga. App. at 850 (5) (emphasis supplied).

[34] *See Benchmark Builders, Inc.*, 294 Ga. at 14 (noting that "defendants prevail by *not* having any relief imposed against them"); *Eagle Jets, LLC v. Atlanta Jet, Inc.*, 321 Ga. App. 386, 402-03 (740 SE2d 439) (2013) (holding that defendant that won

12

remand the case for further proceedings to determine the exact amount of attorney fees to be awarded.

2. The Marinos also contend that the trial court erred in denying their motion to dismiss the Association's claim for breach of the settlement agreement. However, the Association dismissed this claim, and in Division 1, *supra*, we held that the Marinos are the "prevailing party" despite the fact that the claim was not adjudicated on the merits. Thus, this enumeration is moot, and we need not address it.[35]

3. The Marinos also contend that the trial court erred in denying their motion for attorney fees pursuant to OCGA § 9-15-14 (b). We disagree.

Under OCGA § 9-15-14 (b), the trial court may award fees if "it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for

judgment on plaintiff's claims was entitled to attorney fees pursuant to contract, which stated that such fees would be awarded to prevailing party in litigation).

[35] We acknowledge that the Marinos argue that the claim for breach of the settlement agreement should have been dismissed as void against public policy, especially in light of our holding in *Marino I* that the covenant was unenforceable as a violation of the POA Act and OCGA § 44-5-60 (d) (4). Again, given our holding in Division 1, *supra*, we need not address this issue. Nevertheless, as more fully discussed in Division 3, *infra*, we do not agree that our holding in *Marino I* can be read as even implicitly finding that the settlement agreement was void as a matter of public policy.

13

delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. . . ."[36] And this statute defines "lacked substantial justification" as meaning "substantially frivolous, substantially groundless, or substantially vexatious."[37] Importantly, we will affirm a trial court's grant or denial of a motion for attorney fees under OCGA § 9-15-14 (b) "unless the court has abused its discretion."[38]

Here, the Marinos claim that, in light of our opinion in *Marino I*, the Association's decision, following remand, to continue litigating its claim for breach of the settlement agreement lacked substantial justification. They further argue that the Association's amendment to the claim to seek monetary damages, in addition to injunctive relief, was done for purposes of delay and harassment. But in *Marino I*, we expressed no opinion on the merits of the Association's claim for breach of the settlement agreement. Furthermore, we are unpersuaded that the aforementioned opinion can be read as implicitly holding that the settlement agreement was void as a violation of public policy. Indeed, under our contract law, "a person may waive or

---

[36] *See* OCGA § 9-15-14 (b).

[37] *See id.*

[38] *Rescigno v. Vesali*, 306 Ga. App. 610, 616 (4) (703 SE2d 65) (2010).

14

renounce what the law has established in his favor when he does not thereby injure others or affect the public interest."[39] And there is nothing in the appellate record which would possibly lead us to conclude that the settlement agreement here injured others or affected the public interest.[40]

Moreover, when a trial court denies summary judgment because genuine issues of material fact remain, as the trial court did in this matter with regard to the Association's breach-of-settlement-agreement claim, an award of attorney fees under OCGA § 9-15-14 (b) is not warranted except in unusual cases.[41] And we do not find that our decision in *Marino I* or the Association's decision to amend its claim to include a request for damages constitutes an unusual circumstance entitling the Marinos to attorney fees under this particular statute. Accordingly, the trial court did

---

[39] *Bryan v. MBC Partners, L.P.*, 246 Ga. App. 549, 552 (3) (541 SE2d 124) (2000).

[40] *See id.* (holding that homeowner validly contracted to abide by restrictive covenants mutually applicable to all lot owners, including a valid proscription on all signs whatsoever, and thus enforcement of restrictive covenants did not violate public policy regarding restraints on free speech).

[41] *See O'Leary v. Whitehall Constr.*, 288 Ga. 790, 792-93 (3) (a) (708 SE2d 353) (2011) (holding that an award of attorney fees under OCGA § 9-15-14 (b) to a party "whose motion for summary judgment was denied must be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of attorney fees." (punctuation omitted)).

15

not abuse its discretion when it declined to award the Marinos fees under OCGA § 9-15-14 (b).[42]

4. Finally, the Marinos contend that the trial court erred in granting the Association's motion to dismiss their counterclaim for attorney fees. Specifically, they argue that the trial court erred to the extent that it granted the Association's motion on the ground that they failed to comply with Section 16 (b) of the Amended Declaration, which requires that homeowners attempt to resolve disputes by filing a grievance with the Board and attending a hearing regarding the dispute prior to filing a lawsuit. However, we held in Division 1, *supra*, that the Marinos are the "prevailing party" because they successfully defended against the Association's action, and thus, they are entitled to attorney fees regardless of whether they succeeded on their counterclaims. Accordingly, we need not address this enumeration of error.

In summary, for all of the foregoing reasons, we reverse the trial court's ruling that the Marinos were not the "prevailing party" to the litigation and were not entitled to attorney fees. And we remand the case for further proceedings to determine the exact amount of attorney fees to be awarded and for final judgment to be entered in favor of the Marinos.

---

[42] *See id.*

16

*Judgment affirmed in part, reversed in part, and case remanded. Doyle, P. J., and Miller, J., concur.*