**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 4, 2021**

# In the Court of Appeals of Georgia

A20A2042.  A20A2043.  TIFFANY  AND  TOMATO  INC.  v. WELLS AND MCELWEE P.C.; and vice versa.

BARNES, Presiding Judge.

In these companion appeals, Tiffany and Tomato, Inc. ("Lessor") and Wells and McElwee, P. C. ("Lessee") appeal the trial court's orders denying their respective motions for attorney fees sought under the parties' commercial lease agreement. In Case No. A20A2042, we conclude that the trial court erred in denying the Lessor's motion for contractual attorney fees, and we vacate the trial court's order entered on that motion and remand for further action consistent with this opinion. In Case No. A20A2043, we conclude that the trial court committed no error in denying the

Lessee's motion for contractual attorney fees and affirm the order entered on that motion.[1]

The record reflects that in July 2003, the parties entered into a commercial lease agreement for an approximately 154-year-old building located in Athens, Georgia ("Lease").[2] The Lease included a provision setting out the obligations of the Lessee with respect to the maintenance and repair of the building ("Repair Provision"). The Repair Provision stated in part:

> REPAIRS AND MAINTENANCE. Lessee shall be responsible for making all repairs to all of the improvements on the premises, including the interior and exterior walls, roof, paved access and parking areas, plumbing, wiring, piping, fixtures and equipment, so as to maintain the premises in its condition as of July 1, 2003, as established by the inspection by Neil Carlisle dated September 12, 2003, which has been reduced to writing and is attached hereto. . . .
>
> Any items noted in the inspection as needing remedial work or as being omitted from inspection shall remain Lessor's responsibility

---

[1] The Lessor's motion for sanctions for frivolous appeal in Case No. A20A2043 is hereby denied.

[2] The original Lease was between Hancock-Pulaski Properties, Inc. as the lessor and Scott and Wells, P. C. as lessee. Hancock-Pulaski Properties subsequently assigned its interest in the Lease to Tiffany and Tomato. Scott and Wells later changed its name to Wells and McElwee during the pendency of the litigation.

unless repaired by agreement of the Parties hereto. The repairs as shown on the attached invoices . . . constitute the remedial measures undertaken by agreement of the Parties. The items so repaired shall thereafter become Lessee's obligation to maintain in like condition, ordinary wear and tear excepted.

. . . .

At the expiration of this Agreement, Lessee shall deliver up the premises to Lessor in as good condition as they were in at the commencement of this Agreement, ordinary wear and tear excepted.

The parties thereafter entered into several addendums to the Lease, including a May 2011 addendum that made revisions to the Repair Provision and provided in part:

Landlord agrees to pay repair and replacement costs over and above $1,000 for items in the following categories: HVAC systems, Plumbing, Electrical, and Structural. . . . All other terms and conditions in the original lease remain in full effect and force.

In addition to the Repair Provision, the Lease included an attorney fees provision pertinent to this appeal ("Fees Provision"). The Fees Provision stated:

If suit is brought to enforce any covenant of this lease or for the breach of any covenant or condition herein contained, the parties hereto agree

3

that the losing party shall pay to the prevailing party a reasonable attorney's fee, which shall be fixed by the court, and court costs.

In 2016, a dispute arose between the Lessor and Lessee over which party was responsible for certain repairs to the building, including repairs to the roof. Later that year, after the Lessee refused to make the repairs demanded by the Lessor, the Lessor sued the Lessee for damages for breach of the Fees Provision of the Lease.[3] During the pendency of the litigation, the term of the Lease terminated, and the Lessor amended its complaint to include additional claims.

More specifically, as reflected in its complaint, as amended, and in the consolidated pretrial order, the Lessor alleged that the Lessee had breached its obligations under the Repair Provision by failing to maintain and repair the building during the term of the Lease, and by failing to return the property to the Lessor in the same condition as received in July 2003 at the termination of the Lease, ordinary wear and tear excepted. The Lessor also alleged that the Lessee had negligently maintained the roof and other portions of the building, resulting in damage to the property. The Lessor sought damages for the costs of repairs and for the lost rental value of the

---

[3] The Lessor also sued Donald T. Wells, Jr., but later voluntarily dismissed its claims against him.

property during the repairs. Additionally, the Lessor sought attorney fees and expenses under OCGA § 13-6-11 based on its assertion that the Lessee had acted in bad faith in failing to perform its obligations under the Repair Provision.

In contrast, the Lessee alleged that under the Repair Provision it was not responsible for ordinary wear and tear of the property, and that the repairs at issue in this case were only necessary due to ordinary wear and tear, or because the Lessor had failed to perform maintenance or make repairs that were necessary due to ordinary wear and tear. The Lessee also alleged that to the extent any of the repairs were its contractual responsibility, the roof of the building was "structural" such that the Lessee's obligation to repair it was limited to $1,000 under the terms of the Repair Provision as amended.

The case proceeded to trial,[4] where the jury found for the Lessor and awarded it $45,667.50 in damages. The jury declined to award the Lessor any attorney fees under OCGA § 13-6-11, finding on the special verdict form that the Lessee had not acted in bad faith.

---

[4] In summary judgment rulings prior to trial, the trial court ruled that a jury would have to resolve whether the deterioration of the building was due to wear and tear and whether the repairs to the roof were structural.

5

Following the verdict, the Lessor and the Lessee filed opposing motions for attorney fees under the Fees Provision. Both claimed to be the "prevailing party." The Lessee also argued that the Lessor's motion should be denied because the Fees Provision was governed by OCGA § 13-1-11 and the Lessor had failed to comply with that statute. The Lessee challenged the amount of attorney fees requested by the Lessor as well.

The trial court denied the Lessor's motion for contractual attorney fees based on the court's conclusion that the Fees Provision was controlled by OCGA § 13-1-11 and that the Lessor had failed to provide Lessee with the notice required by that statute as a precondition for an award of attorney fees. The trial court thereafter entered judgment on the jury's verdict and then a separate order on "outstanding issues" in which the court summarily denied the Lessee's motion for contractual attorney fees. The parties thereafter filed these companions appeals, challenging the trial court's rulings on their respective motions for attorney fees under the Fees Provision.

*Case No. A20A2042*

1. The Lessor challenges the trial court's denial of its motion for attorney fees under the Fees Provision. According to the Lessor, the trial court erred in concluding that OCGA § 13-1-11 applied to the Fees Provision. We agree.

OCGA § 13-1-11 provides in relevant part:

> Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity, . . . [provided that] [t]he holder of the note or other evidence of indebtedness or his or her attorney at law shall, after maturity of the obligation, notify in writing the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees. . . .

OCGA § 13-1-11 (a) (3).

As reflected in the quoted statutory language, OCGA § 13-1-11 applies where there is an obligation to pay attorney fees based on a note or "other evidence of indebtedness." Our Supreme Court has explained that the term "evidence of indebtedness" found in the statute refers "to any printed or written instrument, signed

or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money." (Citation and punctuation omitted.) *RadioShack Corp. v. Cascade Crossing II*, 282 Ga. 841, 846 (653 SE2d 680) (2007). Written leases can be "evidence of indebtedness" within the meaning of OCGA § 13-1-11 under certain circumstances. See id. But OCGA § 13-1-11 "is not applicable to all claims for attorney fees based on a lease provision." *Insurance Indus. Consultants v. Essex Investments*, 249 Ga. App. 837, 843 (4) (549 SE2d 788) (2001).

Here, the Lessor did not sue the Lessee for failure to pay past due rent or for failure to satisfy any other monetary obligation evidenced on the face of the Lease. Rather, the Lessor sued the Lessee for damages incurred by the Lessor as a result of the Lessee's alleged failure to fulfill its maintenance and repair obligations under the Repair Provision and for its alleged negligent maintenance of the property. Under these circumstances, the jury's award "was not related to the [Lessee's] indebtedness under the [L]ease," and the Lessor therefore was not required to comply with the notice provisions of OCGA § 13-1-11 to obtain contractual attorney fees. *Anglin v. Moore*, 332 Ga. App. 346, 348 (1) (771 SE2d 525) (2015) (concluding that OCGA § 13-1-11 inapplicable where jury awarded damages to tenants for landlord's breach of lease agreement, given that breach was related to wrongful eviction rather than to

8

any failure to pay money owed under the lease). See *Tallapoosa Dev. Auth. v. NCI Bldg. Systems*, No. 3:09-CV-27-JTC, 2010 WL 11493631, at *7 (N.D. Ga. Sept. 30, 2010) (holding that OCGA § 13-1-11 did not apply in action for breach of a commercial lease where landlord alleged that tenants failed to fulfill their contractual obligation to maintain and repair the leased premises; district court noted that the tenants "have cited no case law establishing that the possibility of an award of money damages pursuant to a lease is equivalent to a 'monetary obligation' within the purview of OCGA § 13-1-11, and the Court finds none"); *Sovereign Healthcare v. Mariner Health Care Mgmt. Co.*, 329 Ga. App. 782, 788-789 (3) (766 SE2d 172) (2014) (holding that OCGA § 13-1-11 did not apply in action to enforce a contractual obligation to perform a service); *Ins. Indus. Consultants*, 249 Ga. App. at 844 (4) (holding that OCGA § 13-1-11 was inapplicable in declaratory judgment action seeking to enforce five-year term of lease). Compare *RadioShack Corp.*, 282 Ga. at 846 (holding that OCGA § 13-1-11 applied where landlord sued tenant under commercial lease for past due rent and for declaratory judgment regarding enforceability and amount of tenant's rent obligation); *Best v. CB Decatur Court*, 324 Ga. App. 403, 407 (2) (a) (750 SE2d 716) (2013) (holding that OCGA § 13-1-11

applied in circumstance where the "landlord sue[d] a tenant under a commercial lease agreement to collect past due rent, late fees, and interest").

Accordingly, the trial court erred in denying the Lessor's motion for attorney fees under the Fees Provision based on noncompliance with OCGA § 13-1-11. We therefore vacate the trial court's order denying the Lessor's fees motion and remand the case to the trial court to determine an award of reasonable attorney fees and costs to the Lessor in accordance with the Fees Provision.[5] See *Ins. Indus. Consultants*, 249 Ga. App. at 844 (4) (vacating trial court's order and remanding with instructions "to consider an appropriate award of attorneys fees, expenses, and costs," in case where trial court erroneously denied fees motion based on OCGA § 13-1-11); *Colonial Bank v. Boulder Bankcard Processing*, 254 Ga. App. 686, 693 (8) (563 SE2d 492) (2002) (vacating trial court's order and remanding for determination of attorney fees award where trial court erroneously relied on OCGA § 13-1-11).[6]

---

[5] As explained infra in Division 2, the Lessor is the prevailing party under the Fees Provision.

[6] In motions filed in both of these companion appeals, the Lessor asks this Court to rule on whether the Fees Provision encompasses attorney fees incurred on appeal. However, this question has not been addressed by the trial court, and "[i]ssues which have not been ruled on by the trial court may not be raised on appeal." (Citation and punctuation omitted.) *Brookfield Country Club v. St. James-Brookfield*, 287 Ga. 408, 413 (3) (696 SE2d 663) (2010). "We are a court for the correction of

10

2. The Lessee challenges the trial court's denial of its motion for attorney fees. According to the Lessee, it was entitled to attorney fees under the Fees Provision because it was the prevailing party in the underlying litigation. In this regard, the Lessee emphasizes that the Lessor's claim for bad faith attorney fees under OCGA § 13-6-11 was the Lessor's largest monetary claim,[7] and, given that the Lessor did not succeed on that claim, the Lessee maintains that it was the prevailing party for purposes of the Fees Provision. We do not agree.

> In the absence of a controlling statute, a party's entitlement to attorney fees under a contractual provision is determined by the usual rules of contract interpretation. Construing contractual language granting attorney fees to the "prevailing party," Georgia courts have held[ ] that a plaintiff prevails when actual relief on the merits materially alters the legal relationship between the parties by modifying the defendant's behavior in any way that directly benefits the plaintiff, and that unlike plaintiffs who typically must obtain some affirmative relief

---

errors . . . and are not authorized to issue an advisory opinion about a potential error a trial court may make in the future." *Wright v. Waterberg Big Game Hunting Lodge Otjahewita (PTY)*, 330 Ga. App. 508, 512 (4) (767 SE2d 513) (2014). The Lessor's motions are hereby denied.

[7] The Lessor sought $244,966.76 in attorney fees based on its allegation that the Lessee had acted in bad faith.

11

on their claim to be deemed the prevailing party, defendants prevail by
not having any relief imposed against them.

(Citations, punctuation, and emphasis omitted.) *HA & W Financial Advisors v. Johnson*, 336 Ga. App. 647, 658 (4) (782 SE2d 855) (2016). See *Benchmark Builders v. Schultz*, 294 Ga. 12, 14 (751 SE2d 45) (2013); *Magnetic Resonance Plus v. Imaging Systems Intl.*, 273 Ga. 525, 529 (3) (543 SE2d 32) (2001); *Marino v. Clary Lakes Homeowners Assn.*, 331 Ga. App. 204, 208-209 (1) (770 SE2d 289) (2015).

Here, the jury found in favor of the Lessor on its underlying substantive claims pertaining to the Repair Provision and awarded it $45,667.50 in damages. Under this circumstance, the Lessor clearly was the prevailing party, even if it did not recover all of the damages it sought. See *Realty Lenders v. Levine*, 286 Ga. App. 326, 330 (2) (649 SE2d 333) (2007) (holding that plaintiff was prevailing party under contractual fees provision where the plaintiff recovered some, but not all, of the damages it sought); *Discovery Point Franchising v. Miller*, 234 Ga. App. 68, 73-74 (5) (505 SE2d 822) (1998) (party that recovered damages was prevailing party under contractual fees provision). Compare *HA & W Financial Advisors*, 336 Ga. App. at 658 (4) (defendant was prevailing party where he "had no relief imposed against

12

him"). Consequently, the trial court committed no error in denying the Lessee's motion for contractual attorney fees, and we affirm the court's order on that motion.

*Judgment affirmed in A20A2043. Judgment vacated and case remanded with direction in A20A2042. Gobeil and Pipkin, JJ., concur.*